Kenneth **OGIDI**, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 93 CV 4248 (ERK).

United States District Court,
E.D. New York.

June 22, 1994.

Kenneth Ogidi, pro se.

Zachary Carter, U.S. Atty., E.D.N.Y. by Warren Ausubel, Asst. U.S. Atty., Brooklyn, NY, for defendant.

---

## MEMORANDUM & ORDER

KORMAN, District Judge.

On November 16, 1990, a search warrant for narcotic drugs and currency was executed at an Apartment in Staten Island, New York. Pursuant to the warrant, approximately $26,-295.00 and a quantity of heroin was seized. Plaintiff, Kenneth Ogidi and his sister, Bridget Onuoho, were found in the apartment and arrested. In a memorandum prepared for sentencing, plaintiff's attorney stated that plaintiff had originally come to the United States from Nigeria in 1989 to visit his sister. Subsequently, plaintiff took up residence with her and her husband.

After a period of time, approximately June, 1990, Ken Ogidi learned that his brother-in-law was traffiking [sic] in drugs and using his apartment as a storehouse. He was being supported by his brother-in-law by reason of the family relationship, not by reason of any services rendered. Nevertheless, the brother-in-law began requesting that he perform certain illegal services with drug couriers. While it is clear that he entered the conspiracy at this time, crossing over the line so to speak, his role

in the overall conspiracy was quite minimal. On the day of his arrest 496 grams approximately of a substance containing heroin was found in the apartment. It should be noted, however, that the apartment was not his but rather it belonged to his brother-in-law and had been occupied by the brother-in-law prior to this defendant's arrival in the United States.

Affirmation of Raymond S. Sussman, at 1.

Prior to the date of sentence, the Drug Enforcement Administration began forfeiture proceedings against the $26,295.00 in currency. A notice of forfeiture was sent to the defendant's home address and published in *USA Today.* The notice stated that the $26,-295.00 had been seized because it was "used or acquired as a result of a **drug related offense,**" and explained the procedures for contesting the seizure.

After the Drug Enforcement Administration learned plaintiff had not received the notice of forfeiture that had been mailed, an additional notice was sent by certified mail, return receipt requested, to plaintiff at the Metropolitan Correctional Center where he was being held at the time. The Drug Enforcement Administration subsequently received the return receipt showing that the notice was received on February 25, 1991. Neither plaintiff nor his sister, to whom a similar notice of forfeiture had been sent, filed a timely claim, and the currency was forfeited to the United States on April 1, 1991.

On April 23, 1991, the plaintiff pled guilty to conspiring to possess heroin with the intent to distribute it and, on October 18, 1991, he was sentenced to five years in prison. On September 15, 1993, he filed this. complaint seeking, inter alia, the return of $26,280.00 in currency.[1] Plaintiff alleged that "the money was drew [sic] from my personal account which was maintained for the purpose of financial support for my educational course." Plaintiff's Affidavit in Support of Motion for Return of Seized Property, at 1. Plaintiff also filed an application to proceed in forma pauperis. While the record indicates that

---

1. There is an unexplained discrepancy of $15.00 between the amount plaintiff seeks and the amount listed in the notice of forfeiture.

this application was never acted upon, the complaint was accepted and filed. The United States now moves to dismiss the complaint on the merits.

■ Title 28 U.S.C.A. § 1915(d) (1994) provides that a complaint filed in forma pauperis may be dismissed "if the allegation of poverty is untrue. . . ." The presentence report ("PSR") prepared for plaintiff's sentence indicates that he had assets totalling $5,200.00 in two bank accounts and that he did not have any liabilities. PSR ¶ 47. The application to proceed in forma pauperis contains a "yes" answer to the question whether plaintiff possesses either cash or money in checking accounts. Plaintiff, however, failed to respond to the specific follow-up request that he state "the total value" of the funds so possessed. Under these circumstances there is reason to question the truthfulness of plaintiff's allegation of poverty. At the very least, plaintiff has failed to demonstrate that he is entitled to proceed in forma pauperis.

■ Because the motion to dismiss has been briefed and because the defendant is entitled to prevail on the merits, there is no need to pursue further the issue of plaintiff's ability to pay the $120.00 filing fee. The law is clear that where the Drug Enforcement Administration has complied with all requisite procedures for an administrative forfeiture, a district court judge "lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *See United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835,* 972 F.2d 472, 480 (2d Cir.1992). The exception to this rule "is limited to determining whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *Id.* (alteration in original) (quotation omitted); *Toure v. United States,* 24 F.3d 444, 445–46 (2d Cir.1994); *Linarez v. United States Department of Justice,* 2 F.3d 208 (7th Cir.1993); *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992); *Balogoun v. United States,* 1992 WL 394186 (E.D.N.Y. Dec. 11, 1992), *aff'd,* 14 F.3d 590 (2d Cir.1993).

■ Plaintiff does not cite any procedural deficiencies in the forfeiture proceedings here. Indeed, the procedures followed here, including service of a notice that advised the plaintiff of "the procedures for contesting the seizure, including the fact that an indigent claimant need not post a bond before challenging a seizure," appear to be identical to that in *Toure v. United States,* 24 F.3d at 444–45 (2d Cir.1994). There it was held that the forfeiture proceeding was not deficient because the notice was in English even though plaintiff, "whose native language is French, allegedly was unable to understand [it] completely because of his limited knowledge of English." *Id.*

*Onwubiko v. United States,* 969 F.2d 1392 (2d Cir.1992), which held that the administrative forfeiture proceedings were procedurally defective, is not apposite here. The factual premise underlying the holding in *Onwubiko* was that the plaintiff there had been deprived of his right to elect to initially contest the forfeiture in the district court because of his inability to post a $250 cost bond:

> Reviewing the record on appeal, we conclude that Onwubiko is entitled to contest the forfeiture directly in district court, despite his failure to post a costs bond of $250. We lay the blame for this omission at the government's, not Onwubiko's, doorstep. The government was well aware that it had seized all of the money that Onwubiko, a visitor to the United States, had on his person. Their argument that he nonetheless should have posted a $250 costs bond is Dickensian in its irony: The government took all of Onwubiko's money, but thereafter conditioned his right to put the government to its burden of proof on the payment of $250. We thus conclude that "the filing of a $250 bond was an insuperable obstacle to [Onwubiko], and may be too great an obstacle to many [people] seeking to force the government to proceed with forfeiture proceedings." *Lee v. Thornton,* 538 F.2d 27, 32 (2d Cir. 1976).

*Id.* at 1399.

The Court of Appeals in *Onwubiko* overlooked the fact that, in response to cases such as *Lee v. Thornton,* 538 F.2d 27, 32 (2d

Cir.1976), which held "the cost bond requirement unconstitutional as applied to indigent claimants, all federal law enforcement agencies adopted regulations waiving the bond upon satisfactory proof of financial inability to post it." David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 6.02[4], at 6–23 (1993) (footnote omitted). Accordingly, notwithstanding his indigence, there were procedures in place for Onwubiko to have obtained relief from the filing of the cost bond and the notice of forfeiture he received advised him of the procedures he could follow to obtain such relief. *Onwubiko v. United States,* No. 91–2591, Respondent's Supplemental Appendix on Appeal, pp. 23–28.

While *Onwubiko* may have been decided on the factual premise that "the government took all of Onwubiko's money, but thereafter conditioned his right to put the government to its burden of proof on the payment of $250," *Onwubiko,* 969 F.2d at 1399, the legal holding of *Onwubiko* does not avail the plaintiff here because there is no evidence that all of his assets have been seized and because plaintiff has not demonstrated that he lacked sufficient resources to post the cost bond.[2]

Moreover, even if plaintiff was without assets, the notice of forfeiture advised him that, if he was "indigent (needy and poor) you may not have to post the bond" and that, in order to request a waiver of the bond, "you must fully disclose your finances in a signed statement...." Declaration of Mark H. Kaczynski, Acting Forfeiture Counsel of the Drug Enforcement Administration, Exh. 6. Indeed, as previously noted, except for the fact that it was written in a language plaintiff could understand, the notice was identical to that in *Toure v. United States,* 24 F.3d 444 (2d Cir.1994). Plaintiff's failure to request a waiver of the cost bond precludes relief here on the ground that he could not afford to post the cost bond.

2. The amount of the cost bond depends on the value of the claimed property. See 21 C.F.R. § 1316.75(b) (1993) ("$5,000 or ten percent of the value ... whichever is lower, but not less than $250.") In this case, it was ten percent of the amount seized.

Accordingly, for the foregoing reasons, the complaint is dismissed.[3]

SO ORDERED.

3. The complaint also sought the return of a briefcase that was also seized. The United States Attorney has represented that this property would be returned. Based on this representation, the cause of action for the return of plaintiff's personal property is dismissed without prejudice to being reinstated at plaintiff's request if the property has not yet been returned.