99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Okechukwu UDUKO, Appellant,
v.
UNITED STATES, Appellee.
 No. 95-2233.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 Appearing for Appellant: Okechukwu Uduko, Pekin, Ill.
 Appearing for Appellee:Deborah B. Zwany, Assistant United States Attorney, Eastern District of New York, New York, N.Y.
 Present FEINBERG, OAKES and CALABRESI, Circuit Judges.
 
 ORDER
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Charles P. Sifton, Judge ), it is hereby
 
 
 2
 ORDERED, ADJUDGED AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 The appellant, Mr. Uduko, asks us to reverse the district court's decision, adopting an order of Magistrate Judge Steven M. Gold, which found that the district court lacked jurisdiction to hear the appellant's claim for return of currency seized from him during a search by the United States Customs Service at New York's John F. Kennedy Airport in 1990. The currency was seized from appellant because he failed to file a Currency and Monetary Instrument Report as required by 31 U.S.C. § 5316, and was forfeited pursuant to 31 U.S.C. § 5317 during an administrative proceeding conducted in 1990. In 1993, Mr. Uduko commenced this action, seeking return of the currency under Fed. R. Crim P. 41(e), which allows for return of property taken by the government in an illegal search and seizure. Mr. Uduko claimed that the search was unreasonable because it had been conducted without a warrant or probable cause. Just after Mr. Uduko started his suit in the district court, the Customs Service decided to reopen the administrative proceeding in which it had initially forfeited the currency because of a determination by the agency that insufficient notice had been afforded to Mr. Uduko in the first proceeding. In September 1993, the agency mailed Mr. Uduko notice of the new proceedings, providing him with an opportunity to contest the forfeiture by filing a claim on or before October 14, 1993. Because Mr. Uduko, who is currently incarcerated, was transferred from one correctional facility to another on or about the time that notice was mailed, the agency extended the time period in which he was allowed to file a claim. Mr. Uduko refused to participate in the administrative proceedings, and in December 1993, the agency administratively forfeited the currency. During this time, Mr. Uduko asked the district court to forbid the agency from reopening its forfeiture proceeding, and the agency asked the district court to dismiss the case for lack of subject matter jurisdiction. The district court found that it lacked jurisdiction because the administrative proceeding had commenced. Mr. Uduko now appeals that decision.
 
 
 4
 It is settled in this Circuit that, "once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion." United States v. One 1987 Jeep, 972 F.2d 472, 479 (2d Cir.1993). Because Mr. Uduko had the opportunity to test the legality of the seizure of his property in the administrative proceeding, the absence of a judicial forum for his claim has not deprived him of his rights. See id.
 
 
 5
 A district court in this context always retains limited jurisdiction to review the proceeding to determine whether it was procedurally proper, see Toure v. United States, 24 F.3d 444, 446 (2d Cir.1994). But we agree with the district court that there was nothing in the administrative procedure utilized here that can be said to have deprived Mr. Uduko of due process.
 
 
 6
 In addition, Mr. Uduko's claim that the currency should be returned to him because it was seized in a search conducted without a warrant and without probable cause fails on its merits. A routine search conducted by customs officials at a border requires no threshhold of suspicion. See United States v. Ezeiruaku, 936 F.2d 136, 140 (3d Cir.1991); United States v. Berisha, 925 F.2d 791, 94-95 (5th Cir.1991). An international airport is viewed as the functional equivalent of a border. Almeida-Sanchez v. United States, 413 U.S. 266, 273 (1973). The border search exception applies equally to passengers departing from and arriving into the United States. Ezeiruaku, 936 F.2d at 140, 143. This Court has consistently applied the border search exception to allow "government agents to conduct inspections at the border without a warrant and without probable cause." United States v. Benevento, 836 F.2d 60, 68 (2d Cir.1987), cert. denied, 486 U.S. 1043 (1988); see also United States v. Ramsey, 431 U.S. 606, 616 (1977).
 
 
 7
 We have reviewed all of the appellant's claims and find them to be without merit. The judgment of the district court accordingly is affirmed.