101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Felix NWAEBO, Plaintiff-Appellant,
v.
UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, Defendant-Appellee.
 No. 95-2804.
 United States Court of Appeals, Second Circuit.
 May 31, 1996.
 
 APPEARING FOR APPELLEE: Michelle T. Weiner, Assistant U.S. Attorney, Brooklyn, NY
 APPEARING FOR APPELLANT: Felix Nwaebo, pro se Minnersville, PA
 E.D.N.Y.
 AFFIRMED.
 Before VANGRAAFEILAND, WALKER and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 On May 9, 1991, appellant Felix Nwaebo was arrested in the Eastern District of New York on charges of heroin trafficking in the District of Maryland. At the time of his arrest, Nwaebo's 1989 Mercedes Benz 300E (the "vehicle") was seized by appellee United States Drug Enforcement Agency ("DEA") on the ground that it had been used to facilitate drug transactions in Baltimore, Maryland.
 
 
 4
 On June 10, 1991, the DEA began administrative forfeiture proceedings and mailed a written notice to Nwaebo at the Baltimore County Jail and at his home in Roosevelt, New York. In addition, written notice was sent to the registered owner of the vehicle, Fellytex Enterprises, Inc. According to a return receipt, the notice of seizure was received and signed for at the Baltimore County Jail on June 13, 1991, but the other notices went unclaimed. Pursuant to 21 C.F.R. § 1316.75, the DEA published a notice of seizure of the vehicle in the June 19, June 29, and July 3, 1991 editions of the USA Today. On July 25, 1991, because no claims had been made on the vehicle, it was administratively forfeited to the United States pursuant to 19 U.S.C. § 1609.
 
 
 5
 On February 6, 1995, Nwaebo commenced this action against the DEA alleging that the forfeiture of the vehicle violated his due process and Fourth Amendment rights. On June 30, 1995, the DEA filed a motion to dismiss, which Nwaebo opposed. On November 7, 1995, the district court issued an oral ruling granting the motion and dismissing both for lack of subject matter jurisdiction and on the merits. Nwaebo now appeals.
 
 
 6
 Because the vehicle was administratively forfeit, a federal district court only has jurisdiction to determine whether the agency followed proper procedural safeguards in declaring the vehicle forfeit. Toure v. United States, 24 F.3d 444, 445-46 (2d Cir.1994) (per curiam). We agree with the district court that there is no doubt in this case that those safeguards were followed. First, the notice was published for three consecutive weeks in the USA Today. See 21 C.F.R. § 1316.75. Second, the DEA dutifully attempted to serve Nwaebo by first-class mail both at his home and at the Baltimore County Jail. Because due process requires only that the DEA employ a method reasonably calculated to notify claimants about forfeiture proceedings, see Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir.1988), cert. denied, 488 U.S. 1005 (1989), Nwaebo's rights were not violated.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.