**Sergio CRESPO–CARABALLO,
Plaintiff,**

**v.**

**USA, et. al., Defendants.**

**CIVIL NO. 01–1703 (JAG).**

United States District Court,
D. Puerto Rico.

April 29, 2002.

Leticia Ramirez–Rangel, Commonwealth Dept. of Justice, Federal Lit. Div., San Juan, PR, Jose J. Santos–Mimoso, U.S. Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Sergio Crespo Caraballo ("Crespo") brought suit against defendants United States of America ("USA"), and the Drug Enforcement Administration ("DEA"), seeking the return of $80,180.00 pursuant to 28 U.S.C.A. § 1346 *et seq.* This money had been administratively forfeited by the DEA. Crespo challenges the forfeiture on due process grounds, alleging that he was given inadequate notice of the administrative forfeiture proceeding. Crespo also brought suit against co-defendants the Commonwealth of Puerto Rico ("Commonwealth") and the Secretary of the Treasury of the Commonwealth of Puerto Rico ("Secretary") seeking equitable relief pursuant to the equitable exception of the Tax Injunction Act, 28 U.S.C. § 1341.

Co-defendants Commonwealth and Secretary contend that Crespo's claim should be dismissed (Docket Nos. 3), inasmuch as the equitable relief sought against the Commonwealth and the Secretary is precluded by the Tax Injunction Act, 28 U.S.C. § 1341. Co-defendants USA and DEA move to dismiss the Complaint (Docket Nos. 4) for lack of subject jurisdiction under 28 U.S.C. § 1346 *et seq.*, and for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court **GRANTS** defendants' motions.

## FACTUAL BACKGROUND[1]

While the evidentiary record is less than fully developed, the following facts are un-

Jose M. Rocafort–Bustelo, San Juan, PR, for Plaintiff.

---

1. The facts are taken from the Complaint.

disputed for the purpose of deciding defendants' motions to dismiss. On November 16, 1995, at the Luis Muñoz Marin International Airport in San Juan Puerto Rico, an agent of the Commonwealth of Puerto Rico Treasury Department searched Crespo's bags and retained two (2) bags which contained the amount of $80,180.00 in U.S. currency. The Treasury agents delivered the total amount to the United States Drug Enforcement Administration ("DEA"). On January 31, 1996, the DEA instituted administrative forfeiture proceedings, pursuant to 21 U.S.C. § 881(d) and 19 U.S.C. § 1607(a)(4), by sending a notice of seizure to Crespo and by publishing the notice.

On December 16, 1998, the Puerto Rico Treasury Department notified Crespo of an income tax deficiency for the year 1995 amounting to $42,087.00. This tax deficiency was determined considering that the amount of $80,180.00 seized from Crespo, constituted unreported income. On February 10, 2001, Crespo requested the DEA to return the money seized. On February 20, 2001, the DEA denied Crespo's request.

Crespo requests the Court to order the return of the total amount seized, and the cancellation of the tax deficiency imposed upon Crespo by the Puerto Rico Treasury Department.

## DISCUSSION

### I. Motion to Dismiss Standard

Pursuant to Fed.R.Civ.P. Rule 12(b)(1) a defendant can assert that the Court lacks subject matter jurisdiction to entertain an action. When deciding whether to dismiss a complaint for lack of subject matter jurisdiction the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted ..." *See Aversa v. United States*, 99 F.3d

1200, 1210 (1st Cir.1996). Additionally, dismissal is proper pursuant to Fed. R.Civ.P. 12(b)(6) on the basis of "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia*, 221 F.3d 45, 48 (1st Cir.2000) (quoting *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs' favor. *See Correa–Martinez*, 903 F.2d at 51. The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *CorreaMartinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *See Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### II. Tax Injunction Act

It is well established that the Tax Injunction Act of 1937, 28 U.S.C. § 1341, prevents district courts from enjoining the collection of "any tax under State law" and this bar extends equally to declaratory relief. *See Trailer Marine Transport Corp. v. Rivera Vazquez*, 977 F.2d 1, 5 (1st Cir. 1992). Whether or not Puerto Rico is a "state" for this purpose does not matter

because the Butler Act, 48 U.S.C. § 872, independently prohibits the district court from entertaining a suit to restrain collection of "any tax imposed by the laws of Puerto Rico . . . .".

Crespo asserts, however, that the Butler Act cannot preclude the enjoinment of a Puerto Rico tax where there exists no plain, speedy and efficient remedy in the local forum, See U.S. Brewers Ass'n, Inc. v. Cesar Perez, 455 F.Supp. 1159, 1161 (1978); Seatec Intern., Ltd. v. Secretary of the Treasury, 525 F.Supp. 980, 981 (D.P.R. 1981). Crespo avows that in the present case Puerto Rico law does not afford a plain, speedy and efficient remedy in the local courts. (Docket 18 at 6).

In order to decide whether we have jurisdiction in this case we must, therefore, ascertain whether the law of Puerto Rico provides a plain, speedy and efficient remedy that would deprive the court of power to entertain the present action. A local remedy is deemed to be plain, speedy and efficient when it provides the dissatisfied party with a right to appeal the determination made by the state agency. Rosewell v. LaSalle National Bank, 450 U.S. 503, 514, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). In the present case, Puerto Rico law provided Crespo with a plain, speedy and efficient remedy. On December 16, 1998, the Commonwealth Department of Treasury notified Crespo of the income tax deficiency. (Complaint at 2). In said notification, the Treasury Department notified Crespo that he had 30 days to request a reconsideration and/or an administrative hearing. (Complaint at Exhibit 1). The notification further advised Crespo that, once the Secretary rendered a final decision, Crespo had 30 days to file an appeal in the Puerto Rico Court of First Instance. (Id). In the Complaint, however there is no allegation that Crespo exhausted this administrative and judicial procedure in order to contest the tax deficiency. Thus, the Court is precluded from enjoining co-defendants Commonwealth and Secretary from collecting the income tax deficiency imposed on Crespo. Accordingly, the Complaint against co-defendants Commonwealth and Secretary must be dismissed for lack of subject matter jurisdiction.

## III. 28 U.S.C. § 1346(a)(2).

Crespo maintains that co-defendants DEA's and USA's seizure of $80,180.00 in U.S. currency was illegally executed. Crespo asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) which provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department,
>
> . . .

In the present case Crespo's claim that co-defendants DEA and USA's seizure of $80,180.00 was illegally executed does not fall within the purview of 28 U.S.C. § 1346(a)(2) since the amount sought is in excess of $10,000.00. (Complaint at 5). Crespo avers, however, that co-defendants USA and DEA waived the defense of lack of subject matter jurisdiction when they stated that the Court retained jurisdiction to determine whether co-defendants USA and DEA gave Crespo adequate notice of the seizure. (Docket 18 at 6). It is well established that subject matter jurisdiction cannot be waived. See K.W. Thompson Tool Co., Inc. v. U.S., 836 F.2d 721, 725 n. 3 (1st Cir.1988); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983). The issue is, therefore, properly before the Court. The Court,

however, is without subject matter jurisdiction to review the legality of the seizure pursuant to 28 U.S.C. § 1346(a)(2).

## IV. Due Process.

Pursuant to 19 U.S.C. § 1607(a), the DEA commences administrative forfeiture proceedings by giving notice to the person having an interest in the property. A claimant in receipt of such notice can challenge the administrative forfeiture by filing a timely claim with the DEA. 19 U.S.C. § 1608; 28 C.F.R. §§ 9.1–9.5; 21 C.F.R. §§ 1316.75–76. The filing of a timely claim stops the administrative forfeiture process and the United States Attorney is required to institute judicial forfeiture proceedings. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. §§ 1316.76(b), 1316.78. The DEA is then required to show probable cause for the forfeiture. 19 U.S.C. § 1615. Upon a showing of probable cause, the claimant must demonstrate that the property is his and not the proceeds of drug transactions. *Id.* If the claimant fails in his burden, the government is entitled to a judgment of forfeiture. *Id.* Crespo, however, did not file a claim, thus the DEA declared Crespo's property summarily forfeited. 19 U.S.C. § 1609(a); 21 C.F.R. § 1316.77.

█ Typically, the Court is left without *in rem* jurisdiction to review the merits of an administrative forfeiture once the claimant's property is summarily forfeited. *See Toure v. United States*, 24 F.3d 444, 446 (2d Cir.1994); *United States v. Ten Thousand Dollars ($10,000) in United States Currency*, 860 F.2d 1511, 1513 (9th Cir.1988). The Court, however, retains

jurisdiction to correct the procedural deficiencies of the administrative forfeiture proceeding. *Id.* Thus, the Court has jurisdiction to determine whether the notice of seizure given to Crespo satisfied the requirements of procedural due process.

In the present action Crespo maintains that he received a constitutionally defective notice of seizure inasmuch as: a) it was wrongly addressed to the incorrect zip code, b) it was not published in a general circulation newspaper within the judicial district, c) it was written in English, a language Crespo did not understand, and d)it indicated a different amount, "79,-280.00". (Docket 19 at 3–5). *See* 19 U.S.C. § 1607[2] (made applicable to forfeitures under 21 U.S.C. § 881(a) by virtue of 21 U.S.C. § 881(d)).

█ In *Toure,* the Second Circuit stated that the basic standard to be applied in a procedural due process challenge is one of reasonableness. *Id* at 446. In determining whether the challenged notice was reasonable, the Court looks to whether the notice was " 'sufficient to put a reasonable person on notice that the order was important....' " *Id.* In this case, the pleadings indicate that the notice sent to Crespo and published in The San Juan Star was reasonably calculated to alert Crespo of the forfeiture of the currency and to inform him of his opportunities to contest the forfeiture. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The notice described in detail the procedure for contesting the forfeiture, as well as that

---

**2.** "[T]he appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the appli-

cable procedures shall be sent to each party who appears to have an interest in the seized article."

The regulations interpreting the publication requirement provide for publication in 'a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought.' 21 C.F.R. § 1316.75(a)

for seeking remission or mitigation. (Docket 4 at Exhibit 1). Although the notice was wrongly addressed to the incorrect zip code, the fair inference from the available evidence is that Crespo received the notice, and Crespo has not come forward with any competent evidence to refute this showing. (Docket 4 at Exhibit 2).

 Crespo asseverates that the notice was not published in a general circulation newspaper within the judicial district. (Docket 19 at 3–5). The Court, however, takes judicial notice that The San Juan Star is a general circulation newspaper in Puerto Rico. Although the notice of seizure was in English and it indicated a different amount ($79,280.00 instead of $80,180.00), it can be reasonably assumed that one in Crespo's position would, at the very least, have realized that the document received was of legal significance, and would have had it speedily translated and investigated, to the extent that was necessary, in order to determine what timely actions in his own interest were warranted. *See Toure*, 24 F.3d at 446 (English-language notice of administrative forfeiture of seized currency satisfied due process requirements).

Inasmuch as the notice of seizure given to Crespo was constitutionally adequate, the Complaint against co-defendants USA and DEA must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

In light of the foregoing, the Complaint against co-defendants Commonwealth and Secretary must be dismissed for lack of subject matter jurisdiction. (Docket No. 3). The Complaint against co-defendants USA and DEA is dismissed both for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Docket No. 4). Judgment shall be entered accordingly.

IT IS SO ORDERED.