Luis A. LASSALLE–PITRE, Plaintiff,

v.

Cesar MERCADO–CUEVAS, Correctional Maintenance, Defendants.

Civil No. 10–2266 (ADC).

United States District Court, D. Puerto Rico.

March 12, 2012.

Luis A. Lassalle–Pitre, Guayama, PR, pro se.

Idza Diaz–Rivera, Jaime J. Zampierollo–Vila, P.R. Department of Justice, San Juan, PR, for Defendants.

## OPINION & ORDER

AIDA M. DELGADO–COLON, Chief Judge.

On December 27, 2010, plaintiff, Luis Lasalle–Pitre ("plaintiff"), filed the captioned complaint, alleging inadequate prison conditions in violation of his civil rights, pursuant to 42 U.S.C. § 1983. **ECF No. 4.**[1] Now before the court is co-defendant César Mercado–Cuevas' ("co-defendant") motion to dismiss plaintiff's complaint. **ECF No. 15.** Co-defendant argues dismissal is proper due to plaintiff's failure to exhaust administrative remedies. It is

---

1. Plaintiff alleges that he fell down fifteen (15) steel stairs due to water leaks from the roof. He also alleges that the prison's cells, bath-room, kitchen and common areas have leaks and some units do not have power due to water damage. **ECF No. 4** at 6.

further argued that the claims should be dismissed because defendant is entitled to Eleventh Amendment immunity against plaintiff's monetary damages claim and is also entitled to Qualified Immunity. Plaintiff has not opposed dismissal and the time to do so has expired. For the reasons set forth below, the court **GRANTS** in part co-defendant's motion.

## I. Standard of Review—Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995) (citation omitted). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court "must construe the complaint liberally, treating all well pleaded facts as true and drawing all reasonable inferences in favor of the Petitioners." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1 (1st Cir.1987)). Additionally, a court may review evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted).

In order to challenge the court's subject-matter jurisdiction, a defendant has two options. *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001). The first option is to "accept the version of [the] jurisdictionally-significant facts as true and [address] their sufficiency." *Id.* Thus, "the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), [and] draw all reasonable inferences from them in favor [of plaintiff], and dispose of the challenge accordingly." *Id.* However, the court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like when evaluating the Complaint's allegations." *Crespo–Caraballo v. United States*, 200 F.Supp.2d 73, 75 (D.P.R.2002) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)). The second option is to "[controvert] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and [proffer] materials of evidentiary quality in support of that position." *Id.* Under this approach, the court will give no presumptive weight to plaintiff's jurisdictional averments, and it must "address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Valentin*, 254 F.3d at 363. Once challenged, the party asserting federal jurisdiction bears the burden of proof. *See Rosario v. U.S.*, 538 F.Supp.2d 480, 486 (D.P.R.2008).

## II. Analysis

Here, co-defendant alleges that plaintiff did not comply with the exhaustion, filing and relief requirements of the Prison Litigation Reform Act. Specifically, co-defendant contends that, although plaintiff asserts that he filed a complaint before the Commonwealth's Bureau of Prisons, he has not put forth the results of said grievance procedure, nor has he properly exhausted the administrative remedies therein before filing the current complaint. **ECF No. 15** at 5–10. For the reasons set forth below, the court agrees with co-defendant.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a),

states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement serves the purpose of providing "timely notice of the claim and an avenue for redress short of litigation." *Acosta v. U.S. Marshals Service,* 445 F.3d 509, 512 (1st Cir.2006).

■ By the same token, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). However, the exhaustion requirement under the PLRA is not a jurisdictional prerequisite, but one that can be raised, as here, as an affirmative defense. *Ramos v. Patnaude,* 640 F.3d 485, 488 (1st Cir.2011) (citing *Woodford v. Ngo,* 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)). In addition, the First Circuit Court of Appeals has instructed that, albeit not jurisdictional, the exhaustion requirement is mandatory. *Casanova v. Dubois,* 289 F.3d 142, 147 (1st Cir.2002). Thus, before federal relief can be granted, plaintiff must exhaust all available remedies, even if the available remedies are not " 'plain, speedy, and effective' " or do not "meet federal standards." *Porter v. Nussle,* 534 U.S. at 524, 122 S.Ct. 983, (quoting *Booth v. Churner,* 206 F.3d 289 (3rd Cir.2000)).

■ The defendant bears the burden of showing that plaintiff failed to exhaust administrative remedies. *Casanova v. Dubois,* 289 F.3d at 147. Thus, defendant must assert the following: (1) administrative remedies were available to plaintiff; and (2) plaintiff failed to exhaust them. Here, co-defendant satisfied these requi-

sites. In fact, plaintiff does not refute or otherwise address co-defendant's assertions regarding his failure to exhaust administrative remedies.

■ Here, the record reflects that plaintiff filed grievance procedures for two accidents that allegedly were provoked by water leaks at the correctional facility. **ECF No. 4 at 6.** A review of plaintiff's administrative record, submitted by defendant, reveals that the first incident occurred in November 9, 2007, where plaintiff alleges that he slipped on a water puddle outside the bathroom and he filed a grievance that same day. **ECF No. 15–1; ECF No. 21–1.** The prison doctor evaluated plaintiff after his fall and the grievance was closed because plaintiff did not request reconsideration of that decision. The correctional administration's response to plaintiff's grievance specifically instructed plaintiff that he could request review of the decision by filing a request for reconsideration within fifteen (15) work days, beginning on the day of the notification of the response. **ECF No. 15–1 at Exhs. 3, 4; ECF No. 21–1 at 3–5.**

The second incident occurred on July 5, 2008. Plaintiff alleges that he fell down a flight of steel stairs, when he slipped on a puddle caused by water leaks in the correctional facility's ceiling. **ECF No. 15–1 at Exh. 6; ECF No. 21–1 at 7.** Plaintiff's grievance was dismissed for failure to follow the procedures mandated by Correctional Administration's Regulations. Although plaintiff opportunely appealed said determination on August 27, 2008, his request for reconsideration was denied on October 10, 2008. **ECF No. 15–1 at Exhs. 8, 9; ECF No. 21–1 at 10–15.** The resolution, which denied plaintiff's request for reconsideration, instructed plaintiff that he had 30 calendar days to file for judicial review under the Uniform Administrative Procedures Act of the Commonwealth of

Puerto Rico and the Correction Administration's Regulations. **ECF No. 15–1** at Exh. 9; **ECF No. 21–1** at 14–15. Plaintiff did not file for judicial review. **ECF No. 15–1** at Exh. 11; **ECF No. 21–1** at 17. Instead, he filed a section 1983 complaint before the district court on August 3, 2009, Civil Num. 09–1745. The court dismissed plaintiff's complaint without prejudice for his failure to comply with the court's order requiring plaintiff to clarify the jurisdictional grounds of the court and failing to provide a more definite statement. *See* Civil Num. 09–1745, **ECF No. 47.** After said dismissal, on December 27, 2010, plaintiff filed the complaint now before this court. **ECF No. 4.**

Notwithstanding, it appears that plaintiff did not exhaust all the administrative remedies available to him as the PLRA requires. "Pursuing administrative remedies by taking some, but not all, of the steps available does not constitute exhaustion for the purpose of determining whether a party has exhausted all administrative remedies." *Cruz–Berríos v. Oliver–Baez,* 792 F.Supp.2d 224, 229 (D.P.R.2011) (citing *Johnson v. Thyng,* 369 Fed.Appx. 144, 148 (1st Cir.2010)). Under both the PLRA and the Correction Administration's regulations, plaintiff had to file for judicial review within thirty (30) days of the denial of his request for reconsideration, but chose not to. Thus, he failed to exhaust all the available administrative remedies regarding the two incidents he alleges occurred in the Guerrero Correctional Institution. Consequently, dismissal of the complaint against co-defendant is warranted.[2] *See Jones v. Bock,* 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *see*

*also Woodford v. Ngo,* 548 U.S. at 90–91, 126 S.Ct. 2378 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

### III. Conclusion

In light of the above, co-defendant's motion to dismiss at **ECF No. 15** is **GRANTED in part,** plaintiff's complaint against co-defendant is hereby **DISMISSED WITHOUT PREJUDICE.**

On January 11, 2011, the court ordered the U.S. Marshal to serve summons upon defendants. **ECF No. 6.** The court notes, however, that the remaining co-defendant, Correctional Maintenance, has not been served summons accordingly. Thus, the U.S. Marshal is ordered to serve summons on the remaining co-defendant, Correctional Maintenance, within ten (10) days from the issuance of this order. Further, upon service of summons, Correctional Maintenance is granted ten (20) days to file a responsive pleading. Last, plaintiff is **ORDERED TO SHOW CAUSE** within thirty (30) days, from the issuance of this order, as to why the court should not dismiss the complaint against the remaining co-defendant for failure to exhaust administrative remedies. Plaintiff's failure to comply with the court's order will result in dismissal of the complaint against the remaining co-defendant for failure to prosecute and failure to comply with this court's order.

**SO ORDERED.**

---

2. As dismissal was found warranted on exhaustion grounds, the court need not entertain the merits of co-defendant's ancillary arguments regarding Eleventh Amendment immunity and failure to state a claim upon which relief can be granted.