Edgar Rafael RIVERA DE
JESUS, Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,
et als., Defendants.

Civil No. 13–1642 (ADC).

United States District Court,
D. Puerto Rico.

Signed July 20, 2015.

Edgar Rafael Rivera De Jesus, Arecibo,
PR, pro se.

Ginette L. Milanes, U.S. Attorney's Office, San Juan, PR, for Defendants.

### OPINION & ORDER

AIDA M. DELGADO-COLÓN, Chief Judge.

Before the Court is the Department of Health and Human Services, Medicare, and the Social Security Administration's ("defendants" or "the government") motion to dismiss the complaint (**ECF No. 37**) and plaintiff Edgar Rafael Rivera de Jesús' ("plaintiff") opposition (**ECF No. 38**). In essence, the government argues that plaintiff failed to exhaust administrative remedies, thus rendering the Court without subject matter jurisdiction to entertain plaintiff's claims. **ECF No. 37.** Plaintiff opposes dismissal, sustaining that the government negligently handled his claim and are liable to him. **ECF No. 38.** For the reasons set forth below, the Court agrees

with the government and hereby **GRANTS** its motion to dismiss (ECF No. 37).

## I. Factual and Procedural History

Plaintiff, proceeding *pro se*, filed the captioned complaint on December 23, 2013, alleging that he is an individual with a disability who is entitled to receive Social Security and Healthcare benefits. ECF No. 1. He alleges he was imprisoned at the Metropolitan Detention Center from October of 2010 to July of 2012. *Id.* at ¶ 3.

Upon his release in July of 2012, he visited the Social Security Administration's ("SSA") office in Arecibo, Puerto Rico in order to reactivate his Social Security benefits. *Id.* at ¶ 4. At some point in July, plaintiff entered into an agreement with the Social Security Administration to return an overpayment of funds disbursed to him. The agreement established that $40.00 a month would be deducted from his disability benefits to satisfy the overpayment amounting to $1,539.50. *Id.* at ¶ 5.

Plaintiff further alleges that the government was negligent in delaying his benefits, which caused him to suffer an infection and necrosis around the ulcer of his left foot. *Id.* at p. 2. He seeks $10,000.00 in compensatory damages, $12,480.00 in Social Security benefits, and $575.00 in benefits owed to his son. ECF No. 4. He also requests that the Social Security Administration desist from deducting the $40.00 a month from his benefits check. *Id.*

## II. Standard of Law

Under Fed.R.Civ.P. 12(b)(1), a defendant may move to dismiss an action against it for lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts are courts of limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995) (citation omitted). In assessing a motion to dismiss for lack of subject matter jurisdiction, a district court "must construe the complaint liberally, treating all well pleaded facts as true and drawing all reasonable inferences in favor of the Petitioners." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 734–35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted).

In order to challenge the court's subject-matter jurisdiction, a defendant has two options. *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 363 (1st Cir.2001). The first option is to "accept the version of [the] jurisdictionally-significant facts as true and [address] their sufficiency." Thus, "the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts), [and] draw all reasonable inferences from them in favor [of plaintiff], and dispose of the challenge accordingly." *Id.* However, the court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like when evaluating the Complaint's allegations." *Crespo–Caraballo v. United States,* 200 F.Supp.2d 73, 75 (D.P.R.2002) (quoting *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)). The second option is to "[controvert] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and [proffer] materials of evidentiary quality in support of that position." *Id.* Under this approach, the court gives no

presumptive weight to plaintiff's jurisdictional averments, and it must "address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Valentín,* 254 F.3d at 363. Once challenged, the party asserting federal jurisdiction bears the burden of proof. *Johansen v. United States,* 506 F.3d 65, 68 (1st Cir.2007).

## III. Analysis

 Since plaintiff alleges negligence, the government seeks dismissal of the plaintiff's complaint, alleging that the Court lacks subject matter jurisdiction because plaintiff failed to exhaust administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"). **ECF No. 37.**[1] Plaintiff's opposition, on the other hand, does not address the government's argument that plaintiff failed to exhaust administrative remedies. *See generally* **ECF No. 38.** He simply argues that his case was poorly managed and he was not provided proper guidance. *Id.* at 2.

The FTCA waives sovereign immunity of the United States regarding tort claims. 28 U.S.C. § 2674; *Barrett ex rel. Estate of Barrett v. United States,* 462 F.3d 28, 36 (1st Cir.2006). Thus, pursuant to the FTCA, the Court has jurisdiction to entertain actions:

... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, is a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

However, in order to bring a tort claim against the United States under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after the denial of that claim by the administrative agency. 28 U.S.C. § 2401(b).[2]

Here, although plaintiff purports to bring claims under the FTCA, he does not provide any evidence that he has indeed fulfilled the jurisdictional requisite of filing the administrative claim.[3] To support its dismissal argument, the government submitted a statement, under penalty of perjury, by Mark S. Ledford, Director of the Fiscal Division, Office of the General Counsel for the SSA. *See* **ECF No. 37-1** at 1. In the statement, Mr. Ledford affirms that he has searched the office's records to

---

1. Plaintiff's complaint does not invoke any particular statute for his claim. *See generally* **ECF No. 1.** Since plaintiff claims negligence and damages, defendants presume plaintiff has filed a FTCA claim. *See* **ECF No. 37** at 3. Plaintiff's opposition does not challenge or otherwise controvert that his claim is brought under the FTCA. **ECF No. 38.** Therefore, the Court also understands that plaintiff's claim is, in fact, a FTCA tort action.

2. Should claimant fail to comply with these requisites, the statute also establishes a jurisdictional bar:

 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b).

3. While plaintiff avers in his opposition that he submitted two forms, he does not state to whom or to what agency he submitted them. Furthermore, he provides no such evidence of the forms he states to have submitted. As such, upon the government's jurisdictional challenge, he has not complied with his burden of proving he indeed exhausted administrative remedies.

4

determine whether plaintiff filed any administrative tort claim and found that plaintiff has filed no such claims under the FTCA with his office. *Id.* "An action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

In light of the foregoing, the Court finds that plaintiff has not complied with the exhaustion requirement and is barred from bringing suit in federal court at this time. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Acosta v. U.S. Marshals Service,* 445 F.3d 509, 513 (1st Cir.2006) (holding that the FTCA's exhaustion requirement has been viewed as "a non-waivable jurisdictional requirement limiting suit to claims fairly made to the agency.")(internal quotations and citations omitted); *see also Cotto v. United States,* 993 F.2d 274, 280 (1st Cir. 1993) (explaining that "[e]xhaustion is a jurisdictional prerequisite to the prosecution of their FTCA claims"). Thus, the Court lacks jurisdiction and must dismiss plaintiff's complaint. *See González v. United States,* 284 F.3d 281, 288 (1st Cir. 2002) ("[i]t is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim.")

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss (**ECF No. 37**) and hereby **DISMISSES WITHOUT PREJUDICE** plaintiff's complaint. The Clerk is to enter judgment accordingly.

**SO ORDERED.**