[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1764

ALLAN D. CANTRELL,

Petitioner, Appellant,

v.

JANET RENO, ET AL.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Allan D. Cantrell on brief pro se.
Michael J. Sullivan, United States Attorney, and Dina Michael Chaitowitz, Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

---

January 29, 2002

---

**Per Curiam**. Allan D. Cantrell, a federal prisoner serving a 70-month sentence for conspiring to manufacture and distribute methamphetamine, 21 U.S.C. § 846, and manufacturing methamphetamine, 21 U.S.C. § 841, appeals the district court's sua sponte dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2241. His habeas petition sought to challenge the validity of his federal conviction on two grounds: (1) that the district court lacked jurisdiction over the offense because Congress had not enacted 21 U.S.C. §§ 841 and 846 into law, and the offenses had not occurred on U.S. property, but within the state of Missouri; and (2) his conviction and sentence violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not reference a drug quantity.

The government has filed a motion for summary disposition of the appeal. We conclude that the district court properly determined that Cantrell could not raise his claims challenging the validity of his federal conviction through a habeas petition brought pursuant to 28 U.S.C. § 2241 as he does not meet the requirements of the savings clause contained in 28 U.S.C. § 2255. Moreover, Cantrell has not demonstrated that he is actually innocent as his claims

fail upon an examination of the merits. Thus, we grant the government's motion and affirm the dismissal of the habeas petition.

Cantrell is mistaken in his belief that Congress did not enact 21 U.S.C. § 841. On October 27, 1970, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, Tit. II, §§ 401, 406, 84 Stat. 1260, 1265, codified at 21 U.S.C. §§ 841 and 846. Thus, the crimes embodied by these statutes do not represent mere regulations promulgated by the Attorney General.

Cantrell's claim that the district court lacked jurisdiction because his criminal conduct occurred in a state (and not on federally owned land, a territory, or the District of Columbia) also fails. Congress has provided that: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The trial court's jurisdiction under 18 U.S.C. § 3231 is not restricted to crimes occurring on federally owned property. United States v. Munat, 29 F.3d 233, 237 (6th Cir. 1994); see also United States v. Prou, 199 F.3d 37, 45 (1st Cir. 1999) ("a federal district court plainly possesses subject-matter jurisdiction over drug

cases"); <u>United States v. Lussier</u>, 929 F.2d 25, 26 (1st Cir. 1991) (rejecting "territorial" jurisdiction argument in criminal tax case).

To the extent that Cantrell's claim can be construed as a general challenge to the constitutionality of the statutes of conviction, we note that the statutes at issue, 21 U.S.C. §§ 841, 846, were not enacted pursuant to Congress's general police powers over its territories and the District of Columbia, but, rather, under Congress's power to regulate commerce. With this in mind, we have upheld their constitutionality. <u>See</u> <u>United States v. Zorilla</u>, 93 F.3d 7, 8-9 (1st Cir. 1996)(holding that drug trafficking is precisely the kind of economic enterprise that substantially affects interstate commerce and that, therefore, comes within Congress's regulatory power under the Commerce Clause).

Cantrell's <u>Apprendi</u> argument would fail even if <u>Apprendi</u> could be considered retroactively applicable to cases on collateral review (which is not the case). The rule in <u>Apprendi</u> is that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. This rule has not been violated because Cantrell's 70-

month sentence fell far below the 20-year maximum statutory sentence applicable to drug crimes without reference to drug quantity. <u>See</u> <u>United States v. Campbell</u>, 268 F.3d 1, 7 (1st Cir. 2001)(finding no <u>Apprendi</u> violation when the district court sentences a defendant below the default statutory maximum applicable to crimes without reference to drug quantity); <u>see also</u> 21 U.S.C. § 841(b)(1)(C) (setting default statutory maximum). Likewise, his three-year term of supervised release was within the default statutory maximum.

<u>Affirmed.</u> Loc.R. 27(c).