# United States Court of Appeals
## For the First Circuit

No. 11-1160

RUBEN CUEVAS,

Petitioner, Appellant,

v.

JEFFREY GRONDOLSKY, Warden of FMC Devens,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Ruben Cuevas on brief pro se.
Cynthia A. Young, Assistant U.S. Attorney, and Carmen M. Ortiz, United States Attorney, on Motion for Summary Disposition.

January 31, 2012

**Per curiam**.  After being extradited from Columbia, petitioner Ruben Cuevas was convicted in federal court for his part in a drug conspiracy.  He twice sought relief under 28 U.S.C. § 2255, without success.  Cuevas v. United States, No. 8:09-cv-2009-T-24-TGW, 2009 WL 3763036 (M.D. Fla. Nov. 10, 2009); Cuevas v. United States, No. 8:06-cv-1126-T-24-TGW, 2006 WL 3408180 (M.D. Fla. Nov. 27, 2006).

Cuevas now seeks relief under 28 U.S.C. § 2241 for alleged violations of the extradition treaty under which he was brought to the United States.  The district court denied relief, deeming the petition to be an attempt to circumvent the limits on section 2255 motions.[1]  Petitioner has filed a pro se appellate brief.  The United States has moved for summary affirmance under our Local Rule 27.0(c).  Petitioner responded by moving to "reinstate the briefing notice," but in substance the case has been briefed on both sides.

Petitioner argues that section 2241 is the proper vehicle for his treaty-based claim, and that section 2255 is not, based on statutory text.  The text of section 2241 authorizes relief for a prisoner held "in custody in violation of the Constitution or laws *or treaties* of the United States . . . ."  28 U.S.C. §

---

[1]The district court's order denying relief under section 2241 cites Cuevas' first section 2255 motion in 2006 as having raised his treaty argument as part of an ineffective-assistance claim, Cuevas v. Grondolsky, No. 4:10-cv-40261-NMG, 2011 WL 114663 (D. Mass. Jan. 11, 2011).  While Cuevas' initial version of his 2006 motion did raise such a claim, this and other subsequent versions were stricken by the district court for violations of various local court rules. Cuevas' final version of his 2006 motion omitted any such claim.

-2-

2241(c)(3)(emphasis added). Cf. 28 U.S.C. § 2254(a)(also authorizing relief from "custody in violation of the Constitution or laws or treaties of the United States"). By contrast, the text of section 2255 authorizes relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).

Even so, the omission of the term "treaties" from section 2255 does not preclude treaty claims under that provision, assuming that they are self-executing or have been adopted by legislation. See, e.g., Flores-Nova v. Att'y Gen. of the U.S., 652 F.3d 488, 494 n.6 (3d Cir. 2011). In either case treaties constitute "the supreme Law of the Land" under Article VI of the Constitution, and a violation of an effective treaty would be a violation of "the Constitution or laws of the United States" under section 2255. As the Supreme Court explained in Davis v. United States, 417 U.S. 333, 343-344 (1974), "the grounds for relief under § 2255 are equivalent to those encompassed by § 2254."

Although Davis did not involve a claim under a treaty, it did focus on the meaning of "the laws" in the same phrase at issue here; and it explained that the purpose of section 2255 was merely to direct collateral relief claims for federal prisoners to the court that imposed the conviction rather than--as with classic habeas corpus--to the court located where the prisoner is held. Thus, the circuit courts agree that under Davis "[r]elief under §

-3-

2255 does extend to treaty violations." Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 348 (5th Cir. 2002). Accord United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1063 (8th Cir. 2002).

It follows that petitioner cannot circumvent the limits on multiple section 2255 petitions by resorting to section 2241 to assert a treaty claim that could as easily have been advanced in his original section 2255 petition.

The government's motion for summary disposition is allowed and the judgment is affirmed.