Israel **RODRIGUEZ**, Petitioner

v.

Jerry C. **MARTINEZ**, Warden, MDC Guaynabo, Respondent.

Civil No. 09–2187 (DRD).
Criminal No. 97–161(JAF).

United States District Court,
D. Puerto Rico.

Jan. 30, 2013.

---

12. *Id.*

13. *Id.*

14. 130 S.Ct. at 1483.

390

Israel Rodriguez, San Juan, PR, pro se.

Ginette L. Milanes, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, Senior District Judge.

Pending before this Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Israel Rodriguez ("Petition") (Docket No. 1), which was opposed by the United States (Docket No. 4) and referred to Magistrate Judge Justo Arenas for a Report and Recommendation (Docket No. 24).

Magistrate Judge Arenas recommended that the Petition be denied without a hearing based on four grounds:

1) [the Petition] is a second or successive 2255 motion, regardless of title, and the district court has no jurisdiction to consider the same.

2) Because the [P]etition lacks merit of any type, the petition should not be transferred to the court of appeals as a second or successive petition.

3) The Prison Reform Litigation Act does not provide the jumping board for this court to acquire jurisdiction over a section 2241 petition.

4) the court of appeals has considered all of the issues raised by petitioner and has decided them against him, including the issue petitioner has proffered, the lack of existence of a marijuana-laden ship, as revealed in his FOIA requests related to newly discovered evidence.

(Docket No. 29, page 26).[1]

On April 27, 2012, Petitioner filed, in a timely basis, his opposition to the Magistrate Judge's Report and Recommendation. (Docket No. 31). In his opposition, Petitioner contends to having "submitted numerous documents and information showing the Honorable Court a denial of [his] fundamental constitutional rights" which would have acquitted Petitioner of all charges "had it [been] presented during trial." *Id.* at 2.

Upon review of Magistrate Judge's Report and Recommendation (Docket No. 29) and Plaintiff's opposition thereto (Docket No. 31), the Court hereby **ACCEPTS, ADOPTS** and **INCORPORATES** the Report and Recommendation as outlined below and **DENIES** the Petition without a hearing.

## I. MAGISTRATE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a), Local Rules, District of Puerto Rico; and *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Nonetheless, an adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections to the recommendations made. Fed.R.Civ.P. 72(b). In such respect, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

(Emphasis added).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106

---

**1.** Rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, particularly as neither party has objected to the Magistrate Judge's presentation of the facts.

"Where, as here, a [Magistrate Judge] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litigation,* 989 F.2d 36, 38 (1st Cir.1993). "The Court need not go further for it refuses to write 'at length to no other end than to hear its own words resonate.'" *Vega–Morales v. Commissioner of Social Security,* 380 F.Supp.2d 54, 60 (2005) (quoting *Lawton v. State Mut. Life Assu. Co. of Am.,* 101 F.3d 218, 220 (1st Cir.1996)).

S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"); *United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

█ The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (*en banc*) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding FED. R.CIV. P. 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

█ An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten [2] days of being served' with a copy of the order." *United States v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. *See Bonefont–Igaravidez v. International Shipping Corp.*, 659 F.3d 120 (1st Cir.2011); and *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006). In reviewing objections, this Court need not "consider frivolous, conclusive, or general objections." *Espada–Santiago v. Hospital Episcopal San Lucas*, Civil No. 07–2221, 2009 WL 702350 at *1 (D.P.R. 2009); *see also Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991) (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object").

In the instant case, Petitioner made no specific objection as to any portion of the Report and Recommendation except to emphasize the last sentence of note 5 of the Report and Recommendation, which reads: "The government does not argue that petitioner lacks standing to bring the

**2.** Per Local Rule 72(d), parties may object a magistrate judge's report and recommendation within fourteen (14) days after being served with the order.

current petition. Indeed, the government addresses no details of the petition." (Docket No. 29). Nonetheless, Petitioner fails to contest any of the determinations of the Magistrate Judge. (Docket No. 31). Consequently, the Court reviews the Report and Recommendation only for plain error.

## II. DISCUSSION

Petitioner challenges the validity of his federal conviction and sentence, **not its execution,** alleging that he is "legally, factually, and actually innocent" of the charges filed against him, and that his conviction violates his Constitutional rights. (Docket No. 1). Petitioner's challenge is raised in a motion for a writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241") instead of a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 ("Section 2255"). This distinction is relevant, as the use of a motion under Section 2241 requires compliance with certain requirements that are simply not met in the instant case, and which will require the Court to recharacterize as a Section 2255 motion, as explained below.

 Section 2241 affords the district courts the power to issue a writ of habeas corpus if a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thornton v. Sabol,* 620 F.Supp.2d 203, 206 (D.Mass.2009) (quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2nd Cir.2001)) (emphasis in original). The case law is clear that the proper vehicle for a collater-

al challenge to a criminal conviction and/or sentence is through a motion filed under Section 2255 with the sentencing court. *See Heredia v. Grondolsky,* 2012 WL 5932061, *2 (D.Mass.2012).

 Section 2255 provides the primary means of a collateral attack on a federal sentence. *See United States v. DiRusso,* 535 F.2d 673, 674–676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); *Rogers v. United States,* 180 F.3d 349, 357 n. 15 (1st Cir.1999), cert. denied, 528 U.S. 1126, 120 S.Ct. 958, 145 L.Ed.2d 831 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). Section 2255 provides for post-conviction relief when the petitioner has demonstrated that his sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *Moreno–Morales v. United States,* 334 F.3d 140, 148 (1st Cir.2003) (citing *David v. United States,* 134 F.3d 470 (1st Cir. 1998)). Section 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence. *See Gonzalez v. United States,* 150 F.Supp.2d 236, 241 (D.Mass.2001) (citing *Jiminian v. Nash,* 245 F.3d 144, 147–48 (2nd Cir. 2001)). Petitions under Section 2255 must be brought in the sentencing jurisdiction.

 Once a petitioner files a Section 2255 motion attacking his sentence, the petitioner may not file a second or successive petition under Section 2255 without first obtaining permission from the court of appeals. *See* 28 U.S.C. §§ 2255(a), (e), (h); *see also* 28 U.S.C. § 2244(b)(3). Section 2255 bars second and successive petitions except in two nar-

row circumstances. The first exception applies only when the claim is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The second exception applies when the claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). A petitioner may not circumvent these statutory restrictions by filing a habeas petition under Section 2241 instead of Section 2255. *See United States v. Barrett,* 178 F.3d 34, 50–52 (1st Cir.1999) cert. denied, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); *Gonzalez v. United States,* 150 F.Supp.2d 236, 241 (D.Mass.2001). For such reason, any motion filed in the district court that falls substantively within the scope of a motion to vacate sentence under Section 2255, is a motion to vacate sentence under Section 2255, no matter what title the prisoner uses on the cover. *See Trenkler v. United States,* 536 F.3d 85, 97 (1st Cir.2008). Under this approach, "courts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions." *Id.* (citing *United States v. Winestock,* 340 F.3d 200, 203 (4th Cir.2003)).

■ Pursuant to paragraph "e" of Section 2255, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under Section 2241 unless it appears that a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Sustache–Rivera v. United States,* 221

F.3d 8, 12 (1st Cir.2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."); *United States v. Barrett,* 178 F.3d at 38 (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"). This provision of Section 2255 is commonly referred to as a "savings clause" or "safety valve," and is only triggered "when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.' ". *Trenkler v. United States,* 536 F.3d at 99 (quoting *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)). If the motion for a writ of habeas corpus does not show that the remedy that may be obtained through a motion attacking sentence, i.e., a Section 2255 motion, was inadequate or ineffective, then the federal prisoner cannot raise his claims challenging the validity of his conviction through a motion under Section 2241. *See Cantrell v. Reno,* 36 Fed.Appx. 651 (1st Cir.2002).

■ The savings clause provision of Section 2255 also applies where a petitioner has shown "actual innocence." *Goldman v. Winn,* 565 F.Supp.2d 200, 212–13 (D.Mass.2008) (citing *United States v. Barrett,* 178 F.3d at 51; *Sustache–Rivera,* 221 F.3d 8, 19 (1st Cir.2000)). "The standard for demonstrating actual innocence has been developed in the procedural default context, where courts recognize that a meritorious showing of actual innocence permits collateral review of claims otherwise defaulted by a petitioner's failure to raise them earlier." *Id.* at 203.

■ The Supreme Court has emphasized that the actual innocence exception is very narrow, reserved for truly

exceptional cases. *See Walker v. Russo*, 506 F.3d 19, 21 (1st Cir.2007) (citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)); *see also Goldman*, 565 F.Supp.2d at 203 (noting that the actual innocence is "a very high standard" that is "rarely met."). To show actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gunter v. Maloney*, 291 F.3d 74, 83 (1st Cir.2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citation omitted); *see also Barrett*, 178 F.3d at 57 ("A claim of actual innocence—defined as factual innocence, not mere legal insufficiency—will have a mechanism for review.").

To summarize, the claims in a habeas corpus petition concerning federal prisoner's underlying conviction and sentence should be construed as a motion to vacate, set aside or correct sentence under Section 2255, and thus be subject to the restrictions on successive petitions. However, a federal prisoner may file a Section 2241 motion provided the savings clause provision of Section 2255 are applicable by showing that the remedy under Section 2255 is inadequate or ineffective, or that the petitioner is actually innocent under the standards set forth by the courts. *See Wright v. Nash*, 84 Fed.Appx. 143, 145–146 (2d Cir.2004).

▇ In this case, Petitioner filed on September 19, 2001 a motion under Section 2255 attacking the sentence imposed in his criminal case. (Docket No. 29, pages 3–4). Petitioner's 2255 Motion was denied on September 28, 2004, which Petitioner appealed to the Court of Appeals and the Supreme Court, but both the certificate of appealability and the writ of certiorari were denied on January 12, 2006 and May 15, 2006, respectively. *Id.* at 4. Thereafter, Petitioner filed the instant motion under Section 2241 challenging the validity of his sentence, alleging actual innocence and violation of his constitutional rights. Nonetheless, Petitioner labeled his petition as a Section 2241 motion. *Id.* Based on Petitioner's attack of his conviction and sentence, his claim is substantially a Section 2255 motion, despite Petitioner emphasis that "THIS IS NOT AND SHOULD NOT BE CONSTRUED AS A SECTION 2255 MOTION." (Docket No. 1, page 5) (Capitalization in original). Thus, the Court must recharacterize the instant motion as a Section 2255 motion pursuant to *Trenkler v. United States*, *supra.*

Having already unsuccessfully filed a Section 2255 motion raising an Apprendi issue, the Magistrate Judge concludes, and this Court agrees, that Petitioner may not raise his claim regarding his sentence in another Section 2255 motion because, on the one hand, Petitioner did not obtain permission from the court of appeals. Additionally, Petitioner fails to meet the two exceptions at 28 U.S.C. § 2255(h)(1) and (2) for allowing the filing of second or successive petitions under Section 2255 without permission from the court of appeals. (Docket No. 29).

On the other hand, the Magistrate Judge found that Petitioner is barred from raising his claims under Section 2241 because he failed to show applicability of the safety valve provisions of Section 2255. *Id.* That is, Petitioner failed to show how the remedies that may be obtained through a Section 2255 motion were inadequate or ineffective; and he failed to substantiate his allegation of actual innocence. The Court agrees with the conclusions reached

by Magistrate Judge Arenas. There is no question that Petitioner has not brought a Section 2241 claim in the instant petition because he is challenging the validity of his sentence, not the execution of his sentence. However, Petitioner contends that he may challenge his sentence through a petition under Section 2241 pursuant to the "savings clause" of Section 2255 alleging actual innocence. (Docket Nos. 1, page 3, and 2, pages 8–14). Nonetheless, Petitioner's allegations of actual innocence were unsupported by any new, reliable evidence, and they were not sufficient to place his Section 2241 petition within savings clause of Section 2255, under which the Court would have been allowed to entertain Petitioner's habeas corpus petition. *See Carrera v. Grondolsky,* 2012 WL 1035240, *3 (D.Mass.2012) (citing *Rice v. Lamanna,* 451 F.Supp.2d 755 (D.S.C.2006), affirmed 197 Fed.Appx. 259 (4th Cir.2006)).

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner failed to establish that the Court may entertain his petition under Section 2241; or that, despite being a successive Section 2255 motion, it falls within the exceptions for entertaining the same without obtaining permission from the Court of Appeals. The Court determines that Magistrate Judge Arenas' conclusions in the Report and Recommendation are devoid of plain error. Consequently, the Court **ACCEPTS, ADOPTS** and **INCORPORATES** by reference the Magistrate Judge's Report and Recommendation (Docket No. 29) to the instant Opinion and Order. The Court hereby **DENIES** Petitioner's request for relief pursuant to 28 U.S.C. § 2241. It is further **ORDERED** that no certificate of appealability should

be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOTION BROUGHT UNDER 28 U.S.C. § 2241, NOT 28 U.S.C. § 2255*

JUSTO ARENAS, United States Magistrate Judge.

Petitioner's detailed request for habeas corpus relief under Title 28 U.S.C. § 2241 revolves around a scenario including a ghost ship, the M/V Miriam Rosalva, laden with more than two tons of marijuana[1], a vengeful Assistant United States Attorney, lying federal agents and other witnesses, especially the government's key witness (a confessed drug trafficker), and finally, a fraud perpetrated on the court. *A fortiori,* this scenario arguably leads to the only reasonable conclusion, that there were no grounds for petitioner's conviction because there was no *corpus delicti,* i.e. no ship, no drugs, and therefore no conspiracy. *Ergo,* petitioner is actually innocent of the charges he was convicted of in 1998.

## PROCEDURAL BACKGROUND

Petitioner Israel Rodriguez was indicted on July 30, 1997 for violating the narcotics law of the United States. (Crim. No. 97–161, Docket No. 2.) Specifically, he was charged together with Manuel Rodriguez–Santana, Juan M. Saniel–Calzada and Victor Manuel Nieves–Fragoso with unlawfully, willfully, and intentionally combining, conspiring, confederating and agreeing to-

---

1. This ship, according to the answers to all of the Freedom of Information Act requests be-

ginning in 2007, did not exist.)

gether, with others known and unknown, and an unindicted co-conspirator, to commit offenses against the United States, that is to willfully, knowingly, and unlawfully import into the United States from any place outside thereof, in excess of five thousand pounds of marijuana, a Schedule I Controlled Substance, in violation of Title 21 U.S.C. § 952(a), all in violation of 21 U.S.C. § 963. Count Two of the indictment charged them with aiding and abetting each other in the attempt to import into the United States in excess of 5,000 pounds of marijuana, in violation of 21 U.S.C. 952(a) (importation), 21 U.S.C. § 963 (attempt), and 18 U.S.C. § 2 (aiding and abetting).

Petitioner was arrested on August 25, 1997 in Miami, Florida, and was arraigned before me on September 23, 1997. (Crim. No. 97–161, Docket No. 23.) He pleaded not guilty and proceeded to trial on May 11, 1998. (Crim. No. 97–161, Docket No. 79.)

Petitioner was found guilty by a jury, together with co-defendants Manuel Rodriguez Santana and Juan M. Saniel Calzada, of participating in a conspiracy to import a large amount of marijuana, in violation of 21 U.S.C. §§ 952(a) and 963. They were also found guilty of aiding and abetting in the attempt to import marijuana in violation of 21 U.S.C. §§ 952(a) and 963 and 18 U.S.C. § 2. (Crim. No. 97–161, Docket No. 92.) Petitioner moved for new trial and for a judgment of acquittal, both of which were denied. Petitioner was sentenced on November 20, 1998 to serve two concurrent 188 month terms of imprisonment,

followed by two concurrent five-year terms of supervised release. (Crim. No. 97–161, Docket No. 136.)[2]

The conviction was appealed and affirmed on June 16, 2000. *United States v. Rodriguez*, 215 F.3d 110 (1st Cir.2000), cert. denied sub nom. *Rodriguez v. United States*, 532 U.S. 996, 121 S.Ct. 1658, 149 L.Ed.2d 640 (2001).

Petitioner filed a motion under 28 U.S.C. § 2255 on September 19, 2001 arguing that his appellate attorney should have raised an Apprendi[3] issue at the circuit court before mandate issued, and that his trial counsel's performance was to his detriment due to a conflict of interest between that of petitioner and his attorney. (Civil No. 01–2244, Docket No. 5 at 2–3.) The court determined on September 28, 2004 that any Apprendi error was harmless beyond a reasonable doubt.[4] The court also considered the conflict of interest argument and determined that counsel's performance belied any allegations that petitioner failed to receive adequate representation. (Civ. No. 01–2244(JAF), Docket No. 5 at 15–16.) The request for a Certificate of Appealability was denied on January 26, 2005. (Civ. No. 01–2244(JAF), Docket No. 14.) On March 22, 2005, petitioner sought a Certificate of Appealability from the United States Court of Appeals. The court denied such petition on January 12, 2006. On April 11, 2006, petitioner filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on May 15, 2006.

---

**2.** Judgment was entered on the docket on December 7, 1998.

**3.** Apprendi was decided on June 26, 2000. The circuit opinion was issued on June 16, 2000, and mandate issued on July 7, 2000. (Docket No. 171.)

**4.** In *Apprendi v. New Jersey*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

*Rodriguez v. United States,* 547 U.S. 1131, 126 S.Ct. 2053, 164 L.Ed.2d 785 (2006).

Petitioner now invokes this court's jurisdiction under 28 U.S.C. § 2241(c)(3)[5]. He also notes that the court has power under the All Writs Act, 28 U.S.C. § 1651(a), as well as Article I, Section 9 of the United States Constitution, to entertain this action. He argues that 28 U.S.C. § 2255 is inadequate or ineffective. Petitioner further argues that he is entitled to have his petition treated as filed, citing *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)[6], and that he has exhausted administrative remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq., recognizing that such procedure lacks authority to provide any relief or to take action whatsoever in response to his complaint. Petitioner alleges generally that evidence of his innocence beyond a reasonable doubt exists, and that his conviction and sentence violated his right to Due Process, and that his conviction was obtained by fraud and beyond the court's jurisdiction. (Docket No. 1 at 6.) He alleges that he is actually innocent in ground one of his complaint and that no illicit agreement ever existed, nor did he join in an agreement intending that the underlying offense be committed.

Ground two of his complaint is similar in relation to the aiding and abetting conviction and his allegations that he is actually innocent. He relates a scenario of having no knowledge of a non-existing vessel, the "Romida Rosalva" (Docket No. 1 at 4.) He emphasizes that having made a Freedom of Information Act request to several government agencies, such as the Department of Homeland Security, United States Customs Service, and the United States Coast Guard, it is clear that the subject vessel never existed. As his third ground for relief, petitioner proffers that his rights under the Fifth, Sixth and Eighth Amendments to the U.S. Constitution were violated. Because his statements are made under penalty of perjury in accordance with 28 U.S.C. § 1746, petitioner stresses that he is entitled to an evidentiary hearing.

The government filed a terse response on February 24, 2010. (Docket No. 4.) The government simply notes in few words that the petition adds nothing that has not already been considered by the federal courts and decided against him, including two denials for review by the United States Supreme Court. No jurisprudence is cited except for citations associated directly with petitioner's litigation.

Petitioner moved for leave to file an amendment to his petition and for injunctive relief and while the court denied the request to amend the petition, it ordered the government to respond to the new arguments related to Freedom of Information Act requests. See 5 U.S.C. § 552 (Docket No. 12.) On January 20, 2011, the government responded, also in a terse fashion, basically stating that the fact that no documents were found as the result of petitioner's requests does not mean that no crime was committed, and that the evidence must have existed to support the conviction. (Docket No. 13.) Again, no jurisprudence is cited.

---

5. Petitioner is currently serving a five-year supervised release term in Puerto Rico. He is under "custody" and thus can arguably bring the present 2241 petition. The government does not argue that petitioner lacks standing to bring the current petition. Indeed, the government addresses no details of the petition.

6. In *Castro,* the Supreme Court determined that before a pro se motion could be recharacterized, notice had to be given petitioner in all fairness. In that case, a Rule 33 motion was treated as both a Rule 33 and a 2255. The result was the creation of a successive application redoubt when Castro later filed what he felt was a first 2255, not a second.

Petitioner replies to this response, incredulous at the position of the government that the records sought cannot be found. He argues that if there is no "body", meaning the drug-laden vessel, then there cannot be a conspiracy crime. Petitioner notes that he was offered a safety valve plea agreement and pleaded not guilty because he understood he was innocent.

Petitioner proffers that this conviction is ultimately fabricated and the reason for that fabrication is that he was found not guilty in a jury trial in 1995 in a similar criminal case, No. 94–333(CCC) [7], quoting now deceased Assistant United States Attorney Jose A. Quiles Espinosa who told the petitioner when he was leaving the courthouse: "I'm going to bring you back." (Docket No. 14 at 6.) Petitioner then relates a macabre scenario related to the date of the sentencing hearing in the current conviction, November 20, 1998. That day, Assistant United States Attorney Jose A. Quiles was present in court and arguably went on a celebration after work for his accomplishment of getting petitioner convicted with an orchestrated divine comedy. Late that night, Mr. Quiles struck and killed a man in his car and left the scene of the crime. Returning to that scene with his lawyer, Mr. Quiles refused to take a breathalyzer test.[8] (Docket No.

14.) Finally, petitioner submits the results of all of his requests made under the Freedom of Information Act, beginning on January 16, 2007, all of which were negative. (Docket Nos. 2–2, 22–1.) For example, there was no record in the possession of the United States Coast Guard regarding any vessel seized and towed from off the coast of the Guajira Peninsula, Colombia to Roosevelt Roads Naval Station between September 29, 1993 and October 10, 1993. Nor was there any record of the U.S.S. Audrey Fitch seizing the Miriam Rosalba [9] or Romida Rosalva on the high seas and turning it over to U.S. Customs at Roosevelt Roads Naval Station.

Ultimately, petitioner seeks that this court assume jurisdiction over this Original Writ of Habeas Corpus Petition, declare his indictment and conviction null and void, declare the judgment and illegal restraint contrary to law and in direct violation of his constitutional rights, order his immediate release from his "fettered restraint on his liberty", and grant any other unspecified relief. (Docket No. 1 at 7.)

With this background in mind, I proceed to address what I consider salient factors, or better speaking, formidable barriers, which need to be breached in order for petitioner to command an evidentiary hearing and injunctive relief.

7. Petitioner was represented by the same attorney at trial as in the present case, retained counsel Maria Sandoval.

8. Petitioner proffers to produce a letter from his sister Beatriz which sheds light on this incident.

9. A report of the then U.S. Customs Service names the vessel Miriam Rosalba and makes reference to the seizure by the Audrey Fitch about 65 miles off the coast of the Guajira Peninsula of Colombia. (Docket No. 22–1 at 21.) The U.S.S. Audrey Fitch was at the time a United States Navy guided-missile frigate and probably carried a United States Coast

Guard Law Enforcement Detachment (LEDET) aboard. See Docket No. 22–1 at 4, 17. In accordance with Pub.L. 99–570, specialized Coast Guard personnel are deployed on U.S. Navy vessels (platforms) to conduct maritime drug interdiction. See 10 U.S.C. § 379(a). The Posse Comitatus Act, 18 U.S.C. § 1385, generally prohibits Department of Defense personnel from conducting law enforcement operations. The Navy thus provided detection and monitoring services for LEDET teams. See e.g. United States v. Del Prado–Montero, 740 F.2d 113, 116 (1st Cir.1984).

## A. CUSTODY

A petitioner must be "in custody" in order for the court to have subject matter jurisdiction over a petition for a writ of habeas corpus. 28 U.S.C. § 2241(c)(3), § 2255; *see also Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), citing *Carafas v. La-Vallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

The issue of custody is determined by the status of the prisoner at the time the petition is filed. *Id.; see United States v. Barrett*, 178 F.3d 34, 42 n. 3 (1st Cir.1999); *Myers v. Parole Comm'n*, 813 F.2d 957 (9th Cir.1987). It is well settled that the "custody" requirement may be met even if the petitioner is not actually imprisoned. *Jones v. Cunningham*, 371 U.S. 236, 242–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). A petitioner who is on probation is considered to be in custody for the purpose of determining subject matter jurisdiction relative to a habeas corpus petition. *See, e.g., Harts v. State of Indiana*, 732 F.2d 95, 96 (7th Cir.1984); *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir.1984); *Brooks v. N.C. Dep't of Correction*, 984 F.Supp. 940, 946 (E.D.N.C.1997). In this case, petitioner was in custody of the Warden of the Metropolitan Detention Facility at the time of the filing of the complaint. Therefore there is no issue as to the "custody" requirement for seeking habeas relief, although this status may have some bearing on seeking relief under section 2241 while a federal prisoner in federal custody.

## B. PRISON REFORM LITIGATION ACT

Plaintiff invokes the Prison Reform Litigation Act, 42 U.S.C. § 1997e(a), emphasizing that he has exhausted administrative remedies while knowing that relief could not be forthcoming. This exhaustion arguably triggers subject matter jurisdiction in this court. Because this litigation has nothing to due with prison conditions or condition of confinement in absolute terms, it is impossible to determine that the exhaustion of administrative penal remedies provides a gateway for this court's jurisdiction. "[T]he PRLA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), quoted in *Lassalle–Pitre v. Mercado–Cuevas*, 839 F.Supp.2d 471 (2012). Exhaustion is mandatory. *Id.*, citing *Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir.2002). Nevertheless, while petitioner has exhausted administrative procedures, it is clear that he never possessed an actionable PRLA claim under the scenario described above, and even less now that he is in custody legally but not factually. Indeed, the United States Bureau of Prisons cannot grant any of the remedies he seeks from the court. It never could. In a nutshell, it has no authority to release petitioner from federal custody prior to the completion of his sentence. (Docket No. 2–2 at 4.) Petitioner's "INMATE REQUEST TO STAFF" informs the Bureau of Prisons that he has discovered new evidence in his case and feels that he has been wrongfully convicted because the facts of the matter demonstrate that he is innocent. He then informs the Bureau of Prisons so that he can access the court through a habeas corpus under section 2241. (Docket No. 2–2 at 1.) Clearly, petitioner's exhaustive and abortive administrative process, and his being in disagreement with the decision of the Bureau of Prisons' rejection of his request, has no bearing on the court's purported jurisdiction under 28 U.S.C. § 2241. *Cf.*

*Espinoza v. Sabol,* 558 F.3d 83, 86 (1st Cir.2009).

## C. SECTION 2255 AND THE SAVINGS CLAUSE

█ Section 2255 establishes the procedure and the requirements for a federal prisoner to file a motion to attack his sentence. Petitioner's onslaught is clearly an attack on his sentence and the legitimacy or validity of the same. That is apparent from the initial inmate complaint as well as from the body of his petition. Although a motion under section 2255 is not technically a writ of habeas corpus, but rather a motion to set aside, vacate or correct a sentence, it may afford the same relief, and is habeas corpus' practical substitute for federal prisoners.[10] *Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Kaufman v. United States,* 394 U.S. 217, 221–22, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Since section 2255 is the exclusive relief for a prisoner serving a federal sentence, the rule is that a federal prisoner is not allowed to file a writ of habeas corpus under 28 U.S.C. § 2241 to attack the sentence imposed upon him, but rather should file a petition pursuant to section 2255. *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir. 2000); *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir.1990). Nonetheless, section 2255(e) specifies:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by

motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Title 28 U.S.C. § 2255, ¶ 5.

█ The above provision is what is known as the savings clause. Under this clause, a petitioner can resort to a habeas corpus petition under section 2241 in lieu of section 2255 if the remedy provided by such section "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5; *Sustache–Rivera v. United States,* 221 F.3d 8, 15 (1st Cir. 2000). The burden of proof regarding the inadequacy of section 2255 is on petitioner. *Toma v. Turnage,* 825 F.2d 1400, 1404 (9th Cir.1987); *McGhee v. Hanberry,* 604 F.2d 9, 10–11 (5th Cir.1979). The petitioner must then set forth the specific facts that support his argument in order to put the court in a position to determine whether the remedy of section 2255 is actually ineffective or not. Absent those facts, the court can not allow a petitioner to shelter himself under the savings clause and then plead under section 2241. If the court determines that a petitioner has set forth sufficient facts that establish that the remedy under section 2255 is inadequate or ineffective, nothing impedes that such motion be treated as a habeas corpus petition under section 2241. *McClain v. United States Dep't of Justice,* 936 F.Supp. 505, 507 (N.D.Ill.1996). However, if petitioner does not demonstrate the ineffectiveness of section 2255, then the court considers the

---

**10.** One basic difference between a habeas corpus petition and section 2255 is that the first must be brought in the district of confinement, and the latter in the court in which the prisoner was convicted. The sole purpose of the enactment of section 2255 "was to minimize the difficulties encountered in habe-

as corpus hearings by affording the same rights in another and more convenient forum." *United States v. Hayman,* 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952); 3 Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 589, at 419 (2d ed.1982);

motion under the section 2255 standard. *See e.g. United States v. Caribe–Garcia,* 711 F.Supp.2d 225, 227 (D.P.R.2010); *Gonzalez v. United States,* 150 F.Supp.2d 236, 245 (D.Mass.2001); *Millan v. Parks,* 18 F.Supp.2d 144, 145–46 (D.P.R.1998).

Congress has established limitations and requirements in order to file a motion under section 2255. For example, in 1996 Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section. The last paragraph of section 2255 now reads:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255, ¶ 8.

 It is then settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); *In re Goddard,* 170 F.3d 435, 436 (4th Cir.1999). Absent the proper certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. *United States v. Key,* 205 F.3d 773, 774 (5th Cir.2000); *Coplin–Bratini v. United States,* 2009 WL 605758 (D.P.R. Mar. 9, 2009), citing *Trenkler v. United States,* 536 F.3d 85 (1st Cir. 2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. *See e.g. Moreno–Morales v. United States,* 334 F.3d 140, 145 (1st Cir.2003.)

While it is apparent that this is not the road that petitioner wishes for the court to travel, nowhere in petitioner's motion does he sets forth any facts that puts this court in a position to determine that section 2255 is actually ineffective in its remedies.[11] Petitioner limits his arguments to point out the appearance of ineffectiveness of the remedy enclosed in section 2255, and fails to establish the nature and reach of such inadequacy. It is my recommendation that petitioner should not be allowed to resort to the savings clause of section 2255 to then plead under section 2241, regardless of the insistence apparent in his pleadings that his petition is to be treated as a section 2241 petition, and not a section 2255 motion. Notwithstanding his actual innocence argument, petitioner does not set forth any facts or arguments that can justify leave to treat his request under section 2241. Petitioner's motion must be treated and ruled on under the standards of section 2255, which proves fatal to the petition, at least for purposes of the present action.

---

**11.** When one reviews petitioner's memorandum of November 23, 2009, (Docket No. 2), it is clear that notwithstanding its presentation under the All Writs Act and savings clause, which would allow the court to entertain the motion as a section 2241 petition, there is nothing in the petition that would take it out of the normal treatment of a second or successive petition under 2255, except for petitioner's wish. *United States v. Barrett,* 178 F.3d at 50. Nor does the claim of actual innocence make a savings clause 2241 claim more palatable. *Id.* at 53.

The present petition for a writ under section 2241 is a second or successive 2255 motion. Since this is clearly a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255, ¶ 8. Petitioner has not requested the court of appeals' authorization. Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the above mentioned authorization. *United States v. Key*, 205 F.3d at 774. Petitioner's resort to the savings clause should be rejected, principally when such resort is an attempt to bypass the procedural requirements of sections 2255.[12]

The final issue in the 2241/2255 dilemma is whether the petition should be dismissed or transferred to the court of appeals to be considered in such court as a request for authorization to file a second petition under section 2255. Various circuits have endorsed or mandated the practice of transferring the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court. *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000); *Corrao v. United States*, 152 F.3d 188, 190 (2nd Cir.1998); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). However, the First Circuit Court of Appeals, has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.

1997); *Ellis v. United States*, 446 F.Supp.2d 1, 3 (D.Mass.2006).

▪ Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d at 1150; *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir.1999); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631). As I consider the merits of the instant petition, with the hint of nefarious skulduggery that it relates, I am convinced that petitioner's request for relief lacks merit, and consequently should be dismissed, not transferred. *Cf.* 28 U.S.C. § 1631.

### D. ACTUAL INNOCENCE

A petitioner can avoid the procedural bar that can come upon successive or abusive petitions by demonstrating that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), cited in *Parrilla–Tirado v. United States*, 445 F.Supp2d 199, 201 (D.P.R.2006). Similarly, in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court explained that, '[t]o establish actual innocence, petitioner must demonstrate that, in light of

---

**12.** "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or succes-

sive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture." *United States v. Barrett*, 178 F.3d at 50, and cases therein cited.

all of the evidence, it is more likely than not that no reasonable juror would have convicted him'." *Lorentsen v. Hood,* 223 F.3d at 954. Petitioner must show that the evidence against him was weak, and so weak that no reasonable juror would have convicted him. *Id. citing Dejan v. United States,* 208 F.3d 682, 686 (8th Cir.2000).

The court of appeals went into great detail regarding the evidence petitioner faced against him at trial, a trial which rested to a great extent on credibility determinations. Francisco Vega Estrada was the government's key witness, at the time cooperating with the government. *See United States v. Rodriguez,* 215 F.3d at 114–121. That the FOIA requests came back with negative results does not mean that a fraud was perpetrated on the court, or that the subject ship did not exist. The "newly discovered evidence" did not exist and could not have been presented at trial and was only "discovered" through FOIA requests. The information provided or lack of the same, does not provide a catalyst to entitle petitioner to an evidentiary hearing. Petitioner has arguably found the basis for his actual innocence defense: there was no marijuana ship, and therefore there was no conspiracy. A FOIA request ending with negative results simply does not carry the type of weight petitioner would attribute to it. One FOIA response notes: "The information you provided was not specific enough to provide a more extensive search." (Docket No. 22–1 at 9.) For example, any relevant request related to the activities of United States Coast Guard cutters would not be reflected in their log books because the LEDET was on a United States Navy ship. Petitioner, who could have sent an FOIA request to the United States Navy did not do that. Then again, the result might have been the same. In any event, and consistent with the opinion of the court of appeals, petitioner is alleging what I consider legal

actual innocence and not factual actual innocence, particularly as to Count One of the indictment. *See Barreto–Barreto v. United States,* 551 F.3d 95, 102 (1st Cir. 2008.) Therefore, the procedural bar to a second or successive petition remains intact.

Petitioner makes it crystal clear that his petition is filed under section 2241 and not section 2255. It is more than obvious that were it filed under section 2255, it would suffer a summary demise for being a second or successive petition. Nevertheless, the inquiry does not hesitate at the title of the motion. The court must consider the adequacy of filing a section 2255 motion, whether any purported inadequacy is actually a subterfuge for the filing the 2241 motion, thus circumventing the limits on 2255 motions. See e.g. *Cuevas v. Grondolsky,* 671 F.3d 76, 77 (1st Cir.2012). More precisely, the inquiry is whether the savings clause in section 2255 permits filing of a claim under section 2241. *See e.g. Rivera–Gomez v. Holt,* 102 F.Supp.2d 62, 64 (D.P.R.2000.)

 Notwithstanding petitioner's detailed and documented argument that this case falls squarely within the realm of section 2241 relief, the part directed to the lack of adequate representation squarely falls within the realm of a 2255 motion. That subject is foreclosed in view of the procedural history of the case and the previously filed and failed 2255 motion. Nevertheless, the adequacy of a 2255 motion may be called into question if one considers the argument of petitioner after his fruitless FOIA requests, and his ultimate argument that no ship ever existed and therefore there was no marijuana and no conspiracy. He stresses over and over again that he is actually innocent, notwithstanding the perverse invention of the prosecutor and key government witness.

The court of appeals made it clear that the actual existence of the marijuana laden ship was immaterial. In considering the argument of constructive amendment of the indictment, the court noted that "[t]he conspiracy alleged in Count One was a conspiracy to import marijuana into Puerto Rico, not a conspiracy to dispose of the marijuana cargo of a particular vessel. The seizure of the ship off Colombia was alleged in the indictment not as a necessary element of the offense charged, and it was not necessary for the government to prove that the marijuana seized was the marijuana that Saniel and Rodriguez planned to import." *United States v. Rodriguez*, 215 F.3d at 118. Notwithstanding the abortive attempt to seek information from government agencies, such result does not add any factors to the matter of the missing ship. The opinion of the court of appeals reveals a reasoning that belies the portent of the existence of such a ship. Petitioner's scope of such portent differs from that of the court of appeals to no avail.

## E. CONSPIRACY

The existence or lack thereof of a conspiracy is raised as an issue since without the body, meaning the ghost ship, there could be no conspiracy. Petitioner conducts a lengthy analysis in his initial memorandum in relation to the absence of any agreement as well as the absence of any knowledge on his part of the existence of a conspiracy. Again, this has been considered by the court of appeals and resolved against petitioner. *United States v. Rodriguez*, 215 F.3d at 116. Globally, it is also clear that the substance of the matters considered and rejected by the court of appeals must be disregarded by this court. *See Vega–Colon v. United States*,

463 F.Supp.2d 146, 156 (D.P.R.2006). It is hornbook law that a prisoner may not use a section 2255 petition to relitigate questions that were raised and considered on direct appeal. *Id.*, citing *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quoting *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967)); *Cirilo–Munoz v. United States*, 404 F.3d 527, 533 (1st Cir.2005); *also see Withrow v. Williams*, 507 U.S. 680, 720–21, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Berthoff v. United States*, 308 F.3d 124, 127–28 (1st Cir.2002); *Argencourt v. United States*, 78 F.3d 14, 16 n. 1 (1st Cir.1996); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994). The same habeas principle applies to section 2241 motions. In any event, regardless of petitioner's wishes,[13] whether noble or otherwise, I cannot treat his petition as a section 2241 motion. The issues of a ship, an agreement and a conspiracy have been resolved and the court cannot review them, with or without an evidentiary hearing, regardless of petitioner's argument that the proof he now presents is overwhelming, reliable, trustworthy, and clear and convincing of actual innocence.

## CONCLUSION

Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. *Castro v. United States*, 540 U.S. at 381, 124 S.Ct. 786, citing e.g. *Raineri v. United States*, 233 F.3d 96, 100 (1st Cir.2000) (other citations omitted); *see Trenkler v. United States*, 536 F.3d at 97. But even on a habeas corpus petition, in this case a section 2241 petition, there is a presumption of regularity of the sentence, which the petitioner must overcome. *Espinoza v. Sabol*, 558 F.3d at 89–90 n. 7.

**13.** See Informative Motion dated April 16, 2012, where petitioner corrects a clerical error of the court referring to his 2241 motion as a 2255 motion.

That presumption has not been overcome. Petitioner has already had his "....reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *See United States v. Barrett,* 178 F.3d at 51, quoting *In re Davenport,* 147 F.3d 605, 609 (7th Cir.1998). There is nothing unfair about converting this petition from a 2241 motion to a 2255 motion. It cannot be entertained as a 2241 motion because it does not fall under the savings clause of section 2255. Petitioner is certainly aware of his previous section 2255 motion and is clearly an intelligent, articulate person, as reflected in his memoranda and his candor in seeking administrative relief with the Bureau of Prisons. Protesting that his request is NOT properly a section 2255 motion does not maintain it as captioned.

 There is no basis for petitioner's undeveloped position that the court has jurisdiction under Article I, Section 9 of the United States Constitution. Nor has a viable Fifth, Sixth, or Eighth Amendment violation been argued and developed beyond conclusory statements. There is neither a viable substantive nor procedural Due Process argument present. There is even less of an Eighth Amendment argument. It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales,* 427 F.3d 115, 120 n. 3 (1st Cir.2005); *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990).

## SUMMARY

In summary, there are at least four well defined reasons why the petition must be denied:

1) this is a second or successive 2255 motion, regardless of title, and the district court has no jurisdiction to consider the same.

2) Because the petition lacks merit of any type, the petition should not be transferred to the court of appeals as a second or successive petition.

3) The Prison Reform Litigation Act does not provide the jumping board for this court to acquire jurisdiction over a section 2241 petition.

4) the court of appeals has considered all of the issues raised by petitioner and has decided them against him, including the issue petitioner has proffered, the lack of existence of a marijuana-laden ship, as revealed in his FOIA requests related to newly discovered evidence.

## RECOMMENDATION

In view of the above, I recommend that petitioner's petition under Title 28 U.S.C. § 2241 be treated as a motion under Title 28 U.S.C. § 2255, and be DENIED without evidentiary hearing for lack of subject matter jurisdiction.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park*

*Motor Mart, Inc. v. Ford Motor Co.*, 616
F.2d 603 (1st Cir.1980).